NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2202-15T3

NADINE AMBRICO,

 Plaintiff-Appellant,

v.

THYSSENKRUPP ELEVATOR
CORPORATION,

 Defendant-Respondent.

________________________________________

 Submitted March 9, 2017 – Decided October 13, 2017

 Before Judges Hoffman and O'Connor.

 On appeal from the Superior Court of New
 Jersey, Law Division, Camden County, Docket
 No. L-1484-14.

 Dennis E. Block, attorney for appellant.

 Shimberg & Friel, PC, attorneys for
 respondent (Kevin B. Golden, of counsel and
 on the brief).

 The opinion of the court was delivered by

O'Connor, J.A.D.
 In this personal injury negligence action, plaintiff Nadine

Ambrico appeals from a December 18, 2015 order granting

defendant Thyssenkrupp Elevator Corporation summary judgment

dismissal. After reviewing the record and applicable law in

light of the contentions advanced on appeal, we affirm.

 The motion record reveals the following. On September 13,

2012, plaintiff was injured when an elevator door at her place

of employment, the Camden County Health Services Building in

Camden, closed on her hand and arm. At that time, defendant and

plaintiff's employer, the County of Camden, were parties to a

contract in which defendant agreed to maintain the elevators in

the building and service them as needed.1 Defendant had been

inspecting the elevators on a monthly basis since at least

January 2011; the last time the subject elevator had been

inspected before the subject incident was on August 1, 2012.

 Plaintiff did not serve defendant with an expert's report.

After the close of discovery, defendant filed a motion for

summary judgment dismissal, asserting plaintiff could not

successfully prove a claim for negligence against it without

expert testimony, because the manner in which elevator doors

operate is beyond the ken of the average juror.

1
 A copy of the agreement in effect at the time of the incident
was not included in either party's appendix.
 2
 A-2202-15T3
 Plaintiff maintained she did not require expert testimony

to prove her cause of action against defendant because she was

proceeding under the doctrine of res ipsa loquitur. She argued

she met the three elements of this doctrine, which are: (1) the

occurrence itself ordinarily bespeaks negligence; (2) the

instrumentality causing the injury was within the defendant's

exclusive control; and (3) the injury was not caused by

plaintiff's voluntary act or neglect. See Bornstein v.

Metropolitan Bottling Co., 26 N.J. 263, 269 (1958).

 The court determined this doctrine was unavailing to

plaintiff because, although she met the first and third

elements, she failed to show the elevator was under defendant's

exclusive control at the time of or just before the incident.

Given plaintiff could not rely upon this doctrine to prove her

cause of action, the court granted defendant summary judgment

dismissal.

 On appeal, plaintiff's principal argument is the court

erred when it found defendant did not have exclusive control

over the elevator and, thus, improperly rejected plaintiff's

claim the doctrine of res ipsa loquitur applied in this matter.

 We review the trial court's grant of summary judgment de

novo, employing the same standard used by the trial court.

Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of
 3
 A-2202-15T3
Pittsburgh, 224 N.J. 189, 199 (2016). When deciding a summary

judgment motion, the court "must accept as true all the evidence

which supports the position of the party defending against the

motion and must accord [her] the benefit of all legitimate

inferences which can be deduced therefrom." Brill v. Guardian

Life Ins. Co. of Am., 142 N.J. 520, 535 (1995). Summary

judgment must be granted if "the pleadings, depositions, answers

to interrogatories and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to

any material fact challenged and that the moving party is

entitled to a judgment or order as a matter of law." Id. at

528-29.

 "Res ipsa loquitur is grounded in probability and the sound

procedural policy of placing the duty of producing evidence on

the party who has superior knowledge or opportunity for

explanation of the causative circumstances." Buckelew v.

Grossbard, 87 N.J. 512, 526 (1981) (citing Bornstein, supra, 26

N.J. at 269). However, "before the doctrine of res ipsa

loquitur operates to shift the burden of persuasion to the

defendant in a negligence case, the plaintiff first must meet

all of the elements of the three-part res ipsa loquitur test."

Szalontai v. Yazbo's Sports Cafe, 183 N.J. 386, 389 (2005). If

plaintiff fails to prove any of these elements by a
 4
 A-2202-15T3
preponderance of the evidence, this doctrine and its concomitant

burden-shifting is no longer available to that plaintiff. Id.

at 389-90.

 Here, the issue is whether the instrumentality causing the

injury was under defendant's exclusive control at the time of

the incident. See Jerista v. Murray, 185 N.J. 175, 192 (2005).

Defendant does not challenge the trial court's finding plaintiff

met the other two elements of the res ipsa loquitur doctrine.

In our view, given the time lapse between defendant's inspection

of the elevator on August 1, 2012 and the incident over six

weeks later on September 13, 2012, compounded by the absence of

any evidence linking defendant to the malfunction of the door,

the trial court correctly determined defendant did not wield the

requisite control over the elevator to justify the application

of the res ipsa loquitur doctrine.

 To be sure, we have applied this doctrine against an

elevator company that had serviced an elevator that subsequently

caused personal injuries. In Allendorf v. Kaiserman

Enterprises, 266 N.J. Super. 662 (App. Div. 1993), the plaintiff

was injured when the doors to an elevator closed against her.

At trial, it was established the defendant elevator company had

serviced the elevator just hours before the accident. In

addition, the plaintiff called an expert witness who testified
 5
 A-2202-15T3
the elevator was in a poor state of repair at the time of

plaintiff's accident. Given the proofs, a conditional res ipsa

loquitur instruction was justified because being struck by an

elevator door ordinarily bespeaks negligence, the elevator

company's recent service established exclusive control, and

there was no evidence the plaintiff herself was negligent. Id.

at 667-70.

 Here, however, what is lacking is evidence defendant

exerted control over this particular instrumentality at the time

of the incident. Unlike the elevator company in Allendorf,

defendant had not serviced, repaired, or handled any part of the

elevator within any temporal proximity of the accident in

question. Defendant had last inspected the elevator over six

weeks before the incident and, at that time, the elevator was in

proper working order. In fact, there was no evidence the

elevator was malfunctioning just before plaintiff was injured.

 There must be evidence defendant exercised control over the

subject instrumentality to meet the second prong of this

doctrine. Unlike in Allendorf, where the maintenance company's

"connection with the elevator which caused plaintiff's injury

was sufficiently immediate and direct to support a finding that

it had 'control' of that elevator," id. at 671-72, defendant's

connection to the elevator is too attenuated from plaintiff's
 6
 A-2202-15T3
accident to conclude it maintained control over the elevator at

that time. Accordingly, we affirm the trial court's

determination the doctrine of res ipsa loquitur does not apply

here.

 We have considered plaintiff's remaining arguments and

conclude they are without sufficient merit to warrant discussion

in a written opinion. R. 2:11-3(e)(1)(E).

 Affirmed.

 7
 A-2202-15T3